UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WESTCHESTER FIRE INSURANCE
COMPANY,

      Plaintiff,      **DECISION AND ORDER**
                  14-CV-5222 (ADS)(GRB)
  -against-

TYREE SERVICE CORP., TYREE
ENVIRONMENTAL CORP., TYREE
HOLDINGS CORP., AMINCOR, INC., and
TYREE EQUIPMENT CORP.,

      Defendants.
----------------------------------------------------------X

**APPEARANCES:**

**Gottesman, Wolgel, Malamy, Flynn & Weinberg, P.C.**
*Attorneys for the Plaintiff*
11 Hanover Square, 4th Floor
New York, NY 10005
  By: Susanna Requets, Esq., Of Counsel

**Brody O'Connor & O'Connor**
*Attorneys for the Defendants*
111 John Street
Suite 900
New York, NY 10038
  By: Scott A. Brody, Esq., Of Counsel

**SPATT, District Judge.**

  For purposes of the present motions, the following facts are drawn from the amended complaint.

  On July 24, 2008, the Defendants Tyree Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. entered into an indemnity agreement with the Plaintiff Westchester Fire Insurance Company (the "Plaintiff"). On July 27, 2011, the Defendants Amincor, Inc., Tyree

1

Holdings Corp., Tyree Service Corp., and Tyree Environmental Corp. entered into a separate indemnity agreement with the Plaintiff.

Both indemnity agreements required the Defendants to indemnify and hold harmless the Plaintiff from any and all liability for losses and expenses, including attorneys' fees. These indemnity agreements were executed in partial consideration of and to induce the Plaintiff to execute certain bonds on behalf of the Defendant Tyree Service Corp.

On September 5, 2014, the Plaintiff commenced this indemnity action. The Plaintiff seeks a judgment in the amount of $308,969.06.

On September 9, 2014, the Plaintiff filed an amended complaint.

On September 22, 2014, the Plaintiff served the Defendants with a summons and amended complaint. Although the Defendants had until October 14, 2014 to answer, they failed to do so.

On October 16, 2014, the Clerk of the Court noted the default of the Defendants.

On October 22, 2014, the Defendants moved for an extension of time to appear and answer up to and including November 7, 2014.

On October 25, 2014, the Court denied that motion and advised the Defendants that, if they wish, they may move to vacate the underlying default.

On December 5, 2014, the Defendants moved pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 55(c) to vacate the entry of default.

On December 12, 2014, the Plaintiff moved pursuant to Fed. R. Civ. P. 55 for a default judgment against the Defendants.

The Court first considers the Defendants' motion to vacate the entry of default.

Fed. R. Civ. P. 55(c) requires "good cause" to set aside an entry of default. The determination of "good cause" requires the Court to exercise its discretion in considering three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the party for whom default was awarded; and (3) whether the moving party has presented a meritorious defense." Peterson v. Syracuse Police Dep't, 467 F. App'x 31, 33 (2d Cir. 2012). "This test should be applied in the context of the general preference 'that litigation disputes be resolved on the merits, not on default.'" Citadel Mgmt. Inc. v. Telesis Trust, Inc., 123 F. Supp. 2d 133, 142 (S.D.N.Y. 2000)(quoting Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)).

"[N]o single factor is dispositive." FedEx TechConnect, Inc. v. OTI, Inc., No. 12 Civ. 1674 (RJS), 2013 WL 5405699, at *4, 2013 U.S. Dist. LEXIS 139591, at *11 (S.D.N.Y. Sept. 23, 2013); see also Wagstaff–El v. Carlton Press Co., 913 F.2d 56, 57 (2d Cir. 1990)(district court did not abuse its discretion by vacating a default judgment despite a finding of willfulness, because the defaulting party had a meritorious defense and the plaintiff would not be prejudiced if the default was vacated). "When doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Peoples v. Fisher, 299 F.R.D. 56, 59 (W.D.N.Y. 2014)(citation and quotation marks omitted).

With regards to willfulness, some courts have held that "a good faith belief that an action will settle constitutes a reasonable basis for failing to interpose an answer." State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 246 F. Supp. 2d 231, 250 (S.D.N.Y. 2002)(citing Gonzalez v. City of New York, 104 F. Supp. 2d 193, 196 (S.D.N.Y. 2000)("defendant's counsel held the reasonable belief that the action would be settled, thereby obviating the need for a formal response")); Joe Hand Promotions, Inc. v. Capomaccio, No. 09 Civ. 6161(MAT), 2009 WL 3268558, at *3–4 (W.D.N.Y. Oct. 6, 2009)(default not willful where communications

between the parties' attorneys regarding settlement supported impression that the parties would resolve action without court intervention).

In Gonzalez, the court found that the default was not willful because counsel for the defendants had explained that he did not believe a formal response was required while the parties were engaged in good-faith settlement negotiations. See id. In addition, the Court noted that "[a]lthough the individual defendants should have answered despite settlement negotiations, their failure to do so does not evince the type of bad faith which would warrant default judgments against them." Id.

Other courts, including those in this circuit, have declined to find that a litigant's belief that a case would be settled constituted "good cause" for not filing an answer or otherwise responding to a pleading. See Labarbera v. Interstate Payroll Co., Inc., No. 07-CV-1183 (FB)(MDG), 2009 WL 1564381, at *2 (E.D.N.Y. June 2, 2009)("[the] defendants' willful choice to ignore this litigation in the hopes that it would be resolved out of court is not good cause."); Directv, Inc. v. Rosenberg, No. 02 Civ. 2241 (RCC), 2004 WL 345523, at *2 (S.D.N.Y. 2004)(refusing to vacate default judgment where the defendant's "failure to appear . . . [was] due to his understanding that the matter would be resolved through settlement"); Int'l Painters & Allied Union & Indus. Pension Fund v. H.W. Ellis Painting Co., 288 F. Supp. 2d 22, 28 n. 4 (D.D.C. 2003)(noting that the Gonzalez holding "does not represent the majority view").

However, this Court follows the rule in Gonzalez and finds that, depending on the particular case, a good faith belief that the matter would be settled without judicial intervention may preclude a finding of "willfulness." Here, in the Court's view, the "[d]efendants' explanation is not indicative of willful evasion of a duty to respond, or of egregious or deliberate conduct ignoring the service of process, that would support a finding of willfulness." Joe Hand

4

Promotions, 2009 WL 3268558, at *4. "In addition, [the Defendant[s'] engagement of counsel suggests his intention to defend against the instant lawsuit, albeit belatedly." Linkov v. Golding, No. 12-CV-2722 (FB)(LB), 2013 WL 5922974, at *4 (E.D.N.Y. Oct. 31, 2013); cf. Dixon v. Ragland, No. 03 Civ. 0826 (LTS)(KN), 2005 WL 2649484, at *2 (S.D.N.Y. Oct. 14, 2005)("[W]here there is no evidence that a client has diligently sought out counsel, the courts are more likely to conclude that a party's inaction is willful.").

Here, the Defendants and their counsel attest that the failure to respond to the complaint stemmed from the parties' efforts to resolve this matter in another forum. Therefore, the Court finds that the default is "satisfactorily explained" and was not willful. SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).

The second factor for the Court to consider is whether the Defendants have demonstrated the existence of a meritorious defense to the Plaintiff's claims. Although a defendant must do more than merely "alleg[e] that a defense exists," Dudley v. Pendagrass, No. 06–CV–216 (RJD)(LB), 2008 WL 4790501, at *4 (E.D.N.Y. Oct. 31, 2008), courts in this Circuit routinely recognize that a defendant need only "meet a low threshold" to satisfy this factor. See e.g., Allen v. Norman, No. 08 Civ. 6041 (BSJ)(HBP), 2012 WL 3525584, at *6 (S.D.N.Y. July 23, 2012)("[W]hether a meritorious defense is presented requires only that the defendant meet a low threshold"); Woodson v. Loram Maintenance of Way, Inc., No. 10–CV–6263L (DGL), 2011 WL 3608232, at *1 (W.D.N.Y. Aug. 12, 2011)("With regard to the meritorious defense component, the Second Circuit has held that only a 'low threshold of adequacy' need be shown . . . ." (quoting Meehan v. Snow, 652 F.2d 274, 277 (2d Cir. 1981)). "The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp. v.

Diakuhara, 10 F.3d 90, 98 (2d Cir. 1993); see also Todtman, Nachamie, Spizz & Johns, P.C. v. Ashraf, No. 05 Civ. 10098 (CSH), 2006 WL 2850210, at *1 (S.D.N.Y. Oct. 4, 2006)("[T]he defendant must allege specific facts that, if proved at trial, would constitute a defense to the claim asserted."); Weisel v. Pischel, 197 F.R.D. 231, 239 (E.D.N.Y. 2000)("Likelihood of success is not the measure. [The Defendants'] allegations are meritorious if they contain even a hint of a suggestion which, proven at trial, would constitute a complete defense.").

Here, the Defendants have failed to present any evidence of facts that, if proven at trial, would constitute a complete defense. Indeed, the Defendants concede that "certain money" is owed to the Plaintiff. (Brody Affid., at ¶ 7.) Therefore, this factor weighs in favor of the Plaintiff.

However, the Court reaches a different conclusion with respect to the third and final factor in deciding the Defendants' motion to vacate the default: prejudice. The fact that the Plaintiff previously engaged in unsuccessful settlement negotiations regarding this dispute does not, without more, constitute prejudice for purposes of Rule 55. The delay occasioned thus far by the Defendants' default, spanning only a few months, has not been so prolonged as to raise a serious risk of lost evidence or increased difficulties of discovery. Therefore, the Court concludes that vacating the Defendants' default would cause the Plaintiff no cognizable prejudice.

Weighing the relevant factors, the Court concludes that vacating the underlying default is appropriate, particularly given the Second Circuit's preference for resolving disputes on the merits. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 172 (2d Cir. 2001)("strong public policy favors resolving disputes on the merits.").

Accordingly, the Court (1) grants the Defendants' motion to vacate the default (docket no. 16); (2) vacates the certificate of default entered on October 16, 2014; and (3) denies as moot for the Plaintiff's motion for a default judgment (docket no. 18.); and (4) directs the Defendants to file their answer within 7 days of the date of this order.

**SO ORDERED.**

Dated: Central Islip, New York
December 29, 2014

                                              *Arthur D. Spatt*
                                              ARTHUR D. SPATT
                                              United States District Judge